**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAGJIT SINGH,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   17-70396

Agency No. A202-052-997

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2022
Seattle, Washington

Before: BERZON, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Jagjit Singh, a native and citizen of India, seeks review of the

Board of Immigration Appeals' (BIA) final order dismissing Singh's claims for

asylum, withholding of removal, and relief pursuant to the Convention Against

Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant in

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

part and deny in part Singh's petition for review. Because the parties are familiar with the facts, we do not recite them here.

We confine our review to the BIA's decision except where the BIA adopts the Immigration Judge's (IJ) decision. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). "We review for substantial evidence the BIA's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We review de novo questions of law. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005).

1. The BIA did not address the IJ's adverse credibility finding and instead denied Singh's asylum claim because it concluded that Singh did not establish past persecution. As a result, the BIA also denied Singh's claim for withholding of removal because "[t]he standard for receiving withholding of removal is higher than that for receiving asylum." Singh contends the BIA erred in finding that he failed to offer "specific information" regarding the impact of the harm he suffered. We review de novo "[w]hether particular acts constitute persecution for asylum purposes." *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005) (emphases omitted). But we review for substantial evidence the BIA's determination that a petitioner's past harm does not rise to the level of past persecution. *See Sharma*, 9 F.4th at 1060. The parties disagree which of these

standards of review apply here. We need not address that question, however, because the record establishes that the BIA erred under either standard.

Critically, in addition to testifying that police detained him for one day and beat him with wooden batons for nearly an hour, Singh testified that police came to his family's home in search of him and threatened to kill him when they found him. He also testified that members of the Badal Party beat him on several occasions and repeatedly threatened him with death, and that when he sought to report one of the beatings to the police, the police refused to take his complaint. Further, since he fled India, police and Badal Party members have returned to his family's home several times searching for him.

It is unclear whether the BIA decided that every instance of physical harm was committed by the government or actors that the government was unable or unwilling to control. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (explaining that one element of past persecution is "the persecution was committed by the government, or by forces that the government was unable or unwilling to control"). But as noted, Singh testified that the police beat him for nearly an hour, jailed him overnight, and threatened to kill him, so at least some of the instances of physical harm and threats were by government actors directly.

Further, "[r]epeated death threats, especially when those threats occurred in conjunction with other forms of abuse, require a finding of past persecution." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1049 (9th Cir. 2005); *accord Aden v. Wilkinson*, 989 F.3d 1073, 1082–83 (9th Cir. 2021) (explaining that where the petitioner has suffered "physical harm plus something more, such as credible death threats, we have not hesitated to conclude that the petitioner suffered persecution") (emphasis omitted). Also, "'[a]n applicant may suffer persecution because of the cumulative effect of several incidents,' even if no single incident rises to the level of persecution." *Flores Molina v. Garland*, 37 F.4th 626, 636 (9th Cir. 2022) (alteration in original) (quoting *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000)).

Because the BIA, in its persecution analysis, did not grapple with the death threats that Singh received, appeared to rely only on the extent to which he testified regarding the physical harm he suffered, and failed to consider the death threats and beatings cumulatively, we grant Singh's petition for review as to his asylum and withholding of removal claims and remand to the agency for further consideration.

2. However, Singh forfeited any challenge to the BIA's ruling on his CAT claim. Generally, "'[w]e review only issues [that] are argued specifically and

4

distinctly in a party's opening brief.'" *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).  Singh's opening brief included only one conclusory assertion about his CAT claim.  We deny his petition for review as to that claim.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART.**